NO. 12-01-00128-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GEORGE OLIVER LINTON, JR.,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

PER CURIAM


 George Oliver Linton, Jr. ("Appellant") was convicted by a jury of driving while intoxicated. 
The trial court sentenced him to 180 days in jail, probated for two years, and a $750 fine. In his sole
issue, Appellant asserts the trial court improperly delegated determination of the terms of community
supervision. We affirm.

 A jury found Appellant guilty of driving while intoxicated. The trial court ordered a pre-sentence investigation report and later held a sentencing hearing. Appellant pleaded true to the
allegation that there was an open container in the vehicle. Appellant testified, admitting prior
convictions, and the State offered a copy of Appellant's driving record showing three prior convictions
for driving while intoxicated. The trial judge pronounced the sentence, explaining the jail time would
be probated "for a period of two years under standard conditions of probation and additional conditions"
including that Appellant serve four, 72-hour periods in jail, and installation of a guardian interlock
device on any vehicle he drives for one year. Defense counsel asked, "How many hours of community
service, 32?" The court responded, "Whatever the standard-you're going to have to get with the
probation officer as soon as they get here and make sure these conditions are gone over, but I can't stay. 
I've got to go to a truancy conference. I'll sign the order after it's done. Make sure everything I've said
is incorporated in that order." The document listing the conditions of probation, which accompanied
the judgment and was signed by Appellant and the trial judge, was file-stamped March 29, 2001, the
same day the sentencing hearing was held. 

 In his issue, Appellant contends the trial court erred in delegating determination of the specific
terms of community supervision to a probation officer. He argues that the record shows the trial judge
was in a hurry to go to a truancy conference and, because the probation officer had not arrived yet, she
ordered Appellant to wait for that officer so that standard conditions could be added. He contends that
the terms of probation are not specific and some payments are pro-rated, although the trial court did not
order proration. Also, he argues, there is no "standard" for conditions of probation.

 The judge of the court having jurisdiction of the case shall determine the conditions of
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp. 2002). The
trial court cannot delegate its duty and responsibility for determining the conditions of probation to the
probation officer or anyone else. Degay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987).

 Here, due to time constraints, the trial judge did not, in open court, orally list all conditions of
probation to be incorporated into the order of probation. However, neither did she delegate the duty of
determining which conditions Appellant would be required to comply with. The judge's action was
tantamount to making a ruling and requiring one of the parties to draft an appropriate order or judgment
which she would sign, if it accurately reflected her ruling. The trial judge indicated to the parties and
the probation officer what conditions she wanted named in the document entitled "Misdemeanor
Conditions of Probation." Someone other than the trial judge physically filled in the blanks. The trial
judge indicated by signing the document that those were the terms she intended to impose on Appellant. 
The trial judge did not allow the probation officer to determine Appellant's conditions of probation. 
Because the trial court did not err, we overrule Appellant's sole issue. See Degay, 741 S.W.2d at 449.

 We affirm the trial court's order.


Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)